Order Filed on August 7, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

In Re:

**STEPHANIE SHAW,**

                Debtor.

Case No.:    25-12767
Chapter:     7
Judge:       John K. Sherwood

**DECISION RE: DEBTOR'S MOTION TO ENFORCE THE AUTOMATIC STAY AND
FOR SANCTIONS AGAINST AT&T**

DATED: August 7, 2025

Honorable John K. Sherwood
United States Bankruptcy Court

Debtor:     STEPHANIE SHAW
Case No.:   25-12767
Caption:    **DECISION RE: DEBTOR'S MOTION TO ENFORCE THE AUTOMATIC STAY AND FOR SANCTIONS AGAINST AT&T**

## INTRODUCTION

In this Chapter 7 case, *pro se* debtor Stephanie Shaw (the "Debtor") filed a Motion to Enforce the Automatic Stay against her wireless cellphone provider, AT&T. [ECF No. 35]. The Debtor also claims that she suffered emotional damage because of AT&T's willful disruption or termination of her wireless services and seeks sanctions. AT&T has not yet appeared in this matter, but the Court finds that the Debtor has failed to meet her burden of showing that AT&T willfully violated the automatic stay.

## FACTS AND PROCEDURAL HISTORY

The Debtor filed her Chapter 7 case on March 18, 2025. She did not list AT&T as a creditor despite listing five other creditors. [ECF No. 1]. On March 18, 2025, the Court entered an Order to Show Cause requiring the Debtor to appear before the Court on April 8, 2025, and show cause why the case should not be dismissed for failure to complete credit counselling, and failure to file her schedules, statement of monthly income, and other essential documents. [ECF No. 6-1]. The Debtor did not file the missing documents or appear before the Court on April 8, 2025, and her case was dismissed. [ECF No. 15]. On April 23, 2025, the Debtor moved to vacate dismissal, stating that she had completed credit counseling and planned to file her schedules. [ECF No. 12]. On May 20, 2025, she filed her missing schedules, listing AT&T as a creditor with a claim of $525.86. [ECF No. 21, p. 19 of 50]. The Court entered an order the same day, noting the additions to Schedule E/F and stating that she was required to provide notice to the added creditors and file a certification of service within seven days of the order (by May 27). [ECF No. 22]. The Debtor's motion to vacate dismissal was granted on May 21, 2025. [ECF No. 24].

| | |
|---|---|
| Debtor: | STEPHANIE SHAW |
| Case No.: | 25-12767 |
| Caption: | **DECISION RE: DEBTOR'S MOTION TO ENFORCE THE AUTOMATIC STAY AND FOR SANCTIONS AGAINST AT&T** |

With the bankruptcy reinstated, the Debtor filed her Motion to Enforce the Automatic Stay against AT&T and appeared in person to argue the motion on July 15, 2025. The Debtor admitted that she was unaware of the directions in the May 20, 2025 order requiring her to file a certification of service upon AT&T and her other added creditors within seven days of the order and did not comply with those directions. Nevertheless, she indicated that she informed AT&T about her bankruptcy case during a phone conversation, and that on June 2, 2025, AT&T willfully disrupted or terminated her services and violated the automatic stay. As a result, the Debtor states that she suffered hardship, including being unable to purchase her mental health medication and meet with her therapist. She also informed the Court that she was contacted by AT&T's legal department after serving the Motion to Enforce the Automatic Stay and was told that her account balance was reduced to $0, her service was active, and the account was set to bankruptcy status. The Debtor was ordered to submit supplemental documentation showing when AT&T had notice of the bankruptcy filing and proof of her emotional damages.

On Monday July 21, 2025, the Debtor submitted documentation to the Chamber's email including screenshots of her emails and "MP4" audio recordings of phone calls. These exhibits were not filed on the docket, but the Court has reviewed them.[1]

---

[1] The Debtor included exhibits and phone calls that are not relevant to the motion against AT&T. They pertain to communications with Verizon Fios, which likely provides the Debtor with TV and internet services, the Debtor's FCC Complaint against AT&T, and emails with her therapist's billing department. The Court will not address these exhibits.

Debtor: STEPHANIE SHAW
Case No.: 25-12767
Caption: **DECISION RE: DEBTOR'S MOTION TO ENFORCE THE AUTOMATIC STAY AND FOR SANCTIONS AGAINST AT&T**

## ANALYSIS

A creditor "willfully" violates the automatic stay under 11 U.S.C. § 362(k)(1) when the creditor does so with knowledge of the bankruptcy. *In re Malloy*, 572 BR. 551, 555 (Bankr. E.D. Pa. 2017) (citing *In re Lansaw*, 853 F.3d 657, 664 n.4 (3d Cir. 2017)). Knowledge of the existence of the bankruptcy case is treated as knowledge of the automatic stay. *In re Traversa*, 585 B.R. 215, 220 (Bankr. E.D. Pa. 2018). Federal Bankruptcy Rule 2002(f)(1) "requires the clerk or some other person as the court directs to give the debtor, all creditors and indenture trustees notice by mail of the order for relief." 3 Collier on Bankruptcy P 342.02 (citing Fed. R. Bankr. P. 2002). Some courts have found that oral or written notice of a bankruptcy filing is legally sufficient to convey knowledge of the automatic stay. *See In re Stewart*, 190 B.R. 846, 849-50 (Bankr. C.D. Ill. 1996).

For AT&T to have willfully violated the automatic stay, it must have had knowledge of the bankruptcy case when it terminated the Debtor's services on June 2, 2025. Based on the evidence submitted by the Debtor, AT&T did not have notice of the bankruptcy when service was terminated. The chart below sets forth the relevant dates and documents.

| Date | Event | Description |
|---|---|---|
| June 2, 2025 | AT&T Terminates Services | Debtor's motion alleges that AT&T terminated the services in violation of the automatic stay. |
| June 5, 2025 | Debtor's Email to AT&T | Debtor submitted a copy of an email to "G08512@att.com" with a photo of her bankruptcy petition stating, "[p]lease find attached digital copy of the physical mailing you received from the Bankruptcy Court." |

Page 5
Debtor:     STEPHANIE SHAW
Case No.:   25-12767
Caption:    **DECISION RE: DEBTOR'S MOTION TO ENFORCE THE AUTOMATIC STAY AND FOR SANCTIONS AGAINST AT&T**

| Approximately June 4 to 8, 2025 | MP4 File "ATT Stay Violation" | Recording of a phone call with an AT&T representative on an unknown date, stating that her services were terminated some time earlier that week. Thus, this phone call occurred after service was terminated. |
|---|---|---|
| June 9, 2025 | Debtor's Motion to Enforce the Automatic Stay [ECF No. 35] | The motion attaches a certification of service showing that AT&T was served. |
| July 14, 2025 | Email from AT&T's Legal Department | Karen Cavagnaro from AT&T informed the Debtor that AT&T received her motion, her service was active, her account balance was eliminated, and her account was placed in bankruptcy status. |

It is undisputed that the Debtor did not list AT&T as a creditor in her petition. The Court then discharged its duties to serve the order for relief on all creditors listed in the Debtor's petition under Federal Bankruptcy Rule 2002(f)(1), which did not include AT&T. [ECF No. 7]. When the Debtor amended her schedules to include AT&T, the Court directed her to serve the additional creditors. The Debtor admitted to the Court that she did not comply with the May 20, 2025 order directing her to provide notice to all creditors in her amended Schedule E/F (including AT&T) by May 27, 2025. Had she done so, AT&T probably would have received notice of the bankruptcy before service was terminated. The Court notes that Debtor's June 5, 2025 email to AT&T states that AT&T received notice of her bankruptcy petition from the Bankruptcy Court. This is incorrect. Because AT&T was not listed in the original petition, it was the Debtor's obligation to serve the bankruptcy notice on AT&T.

Case 25-12767-JKS    Doc 43    Filed 08/07/25    Entered 08/07/25 16:21:35    Desc Main
Document    Page 6 of 6

Page 6
Debtor:     STEPHANIE SHAW
Case No.:   25-12767
Caption:    **DECISION RE: DEBTOR'S MOTION TO ENFORCE THE AUTOMATIC STAY AND FOR SANCTIONS AGAINST AT&T**

The earliest possible date that AT&T could have been given notice of the bankruptcy case was June 5, 2025, by the Debtor's email to "G08512@att.com." This was three days after AT&T terminated her services. Therefore, based on the evidence that the Debtor has presented, AT&T did not have notice of the bankruptcy case when the services were terminated and could not have willfully violated the stay. AT&T ensured that the Debtor's service was active after learning that they had terminated her service while the stay was in effect, eliminated her account balance, and placed the account in bankruptcy status.

## **CONCLUSION**

The Debtor's Motion to Enforce the Automatic Stay is moot because her cell phone service has been restored. The Debtor's request for sanctions is denied because the Debtor did not show that AT&T willfully violated the automatic stay.